HENRY PRATT COMPANY, a corporation, and Donald G. Fawkes, Plaintiffs,

v.

BALDWIN–LIMA–HAMILTON CORPORATION, a corporation, Defendant.

No. 63 C 1727.

United States District Court
N. D. Illinois, E. D.
March 18, 1966.

James C. Wood and Charles L. Rowe, Hofgren, Wegner, Allen, Stellman & McCord, Chicago, Ill., for plaintiffs.

Granger Cook, Jr., Byron, Hume, Groen & Clement, Chicago, Ill., for defendant.

MEMORANDUM OPINION AND
ORDER

PARSONS, District Judge.

The complaint alleges that Plaintiff Donald Fawkes invented a "Valve Seat" and unsuccessfully attempted to obtain a patent on the device. Plaintiff Henry Pratt Company is the assignee of the Fawkes' invention.

An application for a similar invention was filed by Ira M. White, who assigned his rights thereon to the Baldwin-Lima-Hamilton Corporation, the named Defendant. The Board of Patent Interferences awarded priority of the invention to Ira M. White, and Plaintiffs seek to require the Commissioner of Patents to issue a patent to Donald Fawkes and his assignee, as well as damages. Jurisdiction is predicated upon Title 28, Section 1338(b), and Title 35, Section 146, of the United States Code.

On March 17, 1965, Defendant filed a counterclaim, which alleges that Plaintiffs continue deliberately to infringe Claims 5, 6, 7, 8, and 9 of Letters Patent No. 3,144,040. Defendant's counterclaim seeks an injunction and an accounting for profits and damages in three times the amount of actual damages on the ground

that Plaintiffs' infringement has been willful.

I have before me Plaintiffs' motion for summary judgment filed pursuant to Rule 56(d) of the Federal Rules of Civil Procedure with respect to three out of the five claims brought into issue by Defendant's counterclaim. After a consideration of briefs filed on behalf of opposing parties, as well as a certified copy of the Patent Office administrative decision on February 13, 1962, in Interference No. 91,454, and a certified copy of the file history of said Patent No. 3,144,040, I enter the following findings of fact and conclusions of law:

### Findings of Fact

(1) I find that on September 29, 1960, interference between the two inventors, White and Fawkes, was declared and designated Interference No. 91,454.

(2) I find that the interference as first declared included two claims (called Counts in the interference). The two claims involved were what is now Claim 6 of Patent No. 3,144,040 and what is now Claim 9 of Patent No. 3,144,040. Claim 6 was original Claim 6 in the White application.

(3) I find that Fawkes (Plaintiff) pleaded in the Patent Office by proper motion, that Claim 6 was an invalid claim over certain prior patents, particularly the Gaffin patent. Briefs were filed and a hearing was held in the Patent Office. On February 13, 1962, the Patent Office ruled favorably on the motion, declared Claim 6 invalid and dissolved the interference as to Count I (Claim 6). The Patent Office found that Claim 6 read on the earlier Gaffin patent and was therefore invalid. Pages 1 and 2 of the Decision on Motion show that the Patent Office very carefully considered Claim 6 and the earlier Gaffin patent and ruled that the claim did not distinguish patentably from and was invalid over the earlier patent.

(4) I find that Claim 6, relating to Patent No. 3,144,040, was declared invalid over a prior patent issued to one Gaffin, as indicated in a certified copy of the Patent Office Administrative Decision on February 13, 1962, in Interference No. 91,454.

(5) I find that Claim 6 was somehow included in Patent No. 3,144,040 by accident or mistake and without authority of the Patent Office.

(6) I find that Claims 7 and 8 were determined by the Patent Office to be not patentably distinct from Claim 6 and that these claims were also included in Patent No. 3,144,040 erroneously. In the file history at Page 41, the examiner states:

"Claims 3, 5, 7, and 8 will be held subject to rejection as unpatentable over the issue in the event of an award of priority adverse to applicant."

(7) I find that the clerical error consisted in a failure to note that the Interference Examiners had declared Claim 6 invalid and that such notation did not appear on Page 42 of the file history.

(8) I find that as a result of the error relating to Claim 6, the three claims, 6, 7, and 8, were included by mistake in Patent No. 3,144,040.

(9) I find from a comparison of Claims 6, 7, and 8 that the three claims relate to one basic structure for a Valve and Valve Seat. This becomes apparent from a review of the language on Page 3 of the file history relating to Claim 6 and Pages 22–23 of the file history relating to Claims 7 and 8. Differences among Claims 6, 7 and 8 are insubstantial for the purpose of determining validity.

(10) I find from Pages 42 to 47, inclusive of the file history that the inclusion of invalid Claims 6, 7 and 8 in Patent No. 3,144,040 was not intentional in that such pages show a complete absence of affirmative action by the Patent Office or the applicant. The inclusion of the invalid claims was by inadvertence, accident or mistake due to a failure on the part of the applicant to cancel the invalid claims from the application at the time of the Decision on Motion.

### Conclusions of Law

(1) In appropriate patent cases, Rule 56 summary judgment proceedings have

been noted with approval. Davison Chemical Corp. v. Joliet Chemicals, Inc., 179 F.2d 793 (7th Cir. 1950); Ronel Corp. v. Anchor Lock of Florida, Inc., 325 F.2d 889 (5 Cir. 1963); Vermont Structural Slate Co. v. Tatko Bros. Slate Co., 233 F.2d 9 (2 Cir. 1956); Metal Coating Corp. v. Baker Mfg. Co., 227 F.Supp. 529 (D.C.1964).

■ (2) Partial summary judgment is appropriate when there are no disputed questions of material fact with respect to some of the claims of infringement. In such circumstances, a pretrial order may be entered pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Metal Coating Corp. v. Baker Mfg. Co., 227 F.Supp. 529 (D.C.1964).

■ (3) A presumption favoring the validity of a patent can be overcome by cogent evidence. Gatch Wire Goods Co. v. W. A. Laidlaw Wire Co., et al., 7 Cir., 108 F.2d 433; Milcor Steel Company v. George A. Fuller Company, 316 U.S. 143, 144, 62 S.Ct. 969, 86 L.Ed. 1332; Allen et al. v. Radio Corporation of America, D.C., 47 F.Supp. 244; Luten v. Kansas City Bridge Co., D.C., 272 F. 533; Juniper Mills, Inc. v. J. W. Landenberger & Co., D.C., 6 F.R.D. 463.

■ (4) While the pleadings filed by Defendant deny that an error was made by the Patent Office, they do not adequately controvert evidence manifest in certified public documents. Davison Chemical Corp. v. Joliet Chemicals, 179 F.2d 793 (7th Cir. 1950).

(5) I make no finding on how an error was made by the Examiner and merely determine that an error was committed. A dispute with respect to the manner in which an error occurred does not bring into question a fact which would be deemed material for the purposes of the present motion.

(6) I am not persuaded by the argument that on the basis of the Patent Office Rule 266 and Section 1109.01 of the Manual of Patent Examining Procedure, the Examiner might not have committed error in allowing Claim 6 after the interference.

Section 1110 of the Examining Procedure in the Patent Office tells the Examiner what to do when the application is returned to his Division following the Interference. In this section the Examiner should reject claims which were declared invalid during the interference on Decision on Motions. The Examiner is to use the grounds for such rejection as stated in Decision on Motions. This action requires a written document. None appears in the file history. The absence of a written document after July, 1963, rejecting Claim 6 as required, negates any possibility that the Examiner was aware or remembered that Claim 6 had been declared invalid during the Interference.

In Section 1109.01, any finally rejected claim is to be cancelled or the applicant may appeal the rejection to the Board of Appeals. The effect of the Decision on Motion during the Interference declaring Claim 6 invalid over prior art is such a finally rejected claim because it is the Primary Examiner of the Division who sits on the panel on the Decision on Motion.

■ I hereby grant Plaintiffs' motion for summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure with respect to Claims 6, 7 and 8 on the ground that these three claims were erroneously included by the Patent Office in Patent No. 3,144,040 and this fact is manifest in certified documents which are attached in support of the motion.

My ruling in this matter shall be subject to revision, and, until such time as there has been disposition of all pending claims, this shall not be considered a final order within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure.