The SCAM INSTRUMENT CORPORA-
TION, Plaintiff-Appellant,

v.

CONTROL DATA CORPORATION,
Defendant-Appellee.

No. 18961.

United States Court of Appeals,
Seventh Circuit.

April 7, 1972.

Walther E. Wyss, M. Hudson Rath-
burn, Willis J. Jensen, Clemens Huf-
mann, Chicago, Ill., for plaintiff-appel-
lant.

Allen Kirkpatrick, Kevin E. Joyce,
Washington, D. C., Patrick H. Hume,
Jack C. Berenzweig, James M. Wetzel,
Hume, Clement, Hume & Lee, Ltd., Chi-
cago, Ill., for defendant-appellee Control
Data Corporation; Cushman, Darby &
Cushman, Washington, D. C., Joseph A.
Genovese, Washington, D. C., of counsel.

Before DUFFY, Senior Circuit Judge, and KERNER * and PELL, Circuit Judges.

PELL, Circuit Judge.

Plaintiff, The Scam Instrument Corporation (Scam), an Illinois corporation, filed its complaint on August 19, 1969, in the District Court for the Northern District of Illinois, seeking damages and injunctive relief against defendant, Control Data Corporation (Control Data), a Delaware corporation, whose principal place of business was in Minnesota, for alleged infringement of three United States patents owned by plaintiff. The accused devices are process control computers allegedly sold by Control Data throughout the United States.

For approximately one year after the filing of the complaint, the parties devoted themselves to discovery and scrimmaging with regard thereto. In the intervening year, Control Data filed its motion to dismiss or transfer for lack of proper venue, relying on 28 U.S.C. § 1400(b), which reads as follows:

"(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

Pointing out that the defendant, a Delaware corporation, had no residence in the Northern District of Illinois, Control Data contended that it was incumbent upon Scam to show both that actual infringement had been committed in said district *and* that the defendant had a regular and established place of business therein. While denying the estab-

lished place of business in the Northern District of Illinois, Control Data particularly urged that the discovery to date had reflected no acts of actionable infringement in the district during the limitation period.[1] Relying on 28 U.S.C. § 1406(a),[2] Control Data took the position that if its motion to dismiss for want of proper venue was not granted, the district court in the alternative should transfer the action to the appropriate district court in Minnesota. Further discovery procedures, devoted primarily to meeting the issue raised by Control Data's motion, fostered the defense contention that if there was any infringement in the Northern District of Illinois it was in sales to Argonne National Laboratories, which were sales or leases to a United States governmental instrumentality. Control Data here argued in reliance upon the first paragraph of 28 U.S.C. § 1498[3] that the infringement, if any, being cognizable only in the Court of Claims, did not show infringement within the Northern District of Illinois as required by 28 U.S.C. § 1400(b).

At a hearing arising out of a motion pertaining to discovery, on September 30, 1970, the district court orally observed that it did not see much dispute that Argonne was really a part of the Government and in effect suggested a motion for partial summary judgment if there were no other than governmental purchases in the district.

Obviously acting upon the suggestion of the district court, Control Data on October 8, 1970, filed its "motions for partial summary judgment and for transfer" in which it moved for partial summary judgment pursuant to Rule

---

* Judge Kerner heard oral argument, but did not participate in the adoption of this opinion.

1. 6 years as provided by 35 U.S.C. § 286.

2. § 1406(a): "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

3. 28 U.S.C. § 1498: "Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture."

56(b) of the Federal Rules of Civil Procedure dismissing the complaint from the court, and additionally renewed its prior motion that the case be transferred to the United States District Court for the District of Minnesota. There is no indication in the record before us that there were in fact any alleged infringing activities other than that at Argonne, although in both the court below and on this appeal, Scam contends that the defense assertion of governmental purchases with respect to the computers at Argonne was factually unfounded. This contention was primarily based upon the form and claimed lack of correct factual basis in the supportive affidavits filed by Control Data.

In its reply brief in the district court to plaintiff's opposition to summary judgment and transfer, Control Data advised the court that on October 19, 1970, it had commenced a declaratory judgment action in the district court in Minnesota seeking a declaration that the patents in the present suit were invalid and not infringed.

On October 28, 1970, Scam filed a notice of dismissal, the body of which in its entirety reads as follows:

"Now comes Plaintiff The Scam Instrument Corporation and gives notice of voluntary dismissal of this action without prejudice under the provisions of Rule 41(a) (1) (i) of the Federal Rules of Civil Procedure."

The district court by bench notation acknowledged the filing of the notice of dismissal.

Control Data, on the next day, filed a motion to reinstate the cause of action asserting that the notice of dismissal was ineffective on its face because a dismissal under Rule 41(a) (1) (i) is only permitted prior to service by the adverse party of a motion for summary judgment.

During the course of a hearing on October 30, 1970, the district court stated that a memorandum decision had been prepared but had not been handed down. The court then stated:

"As a matter of fact I did say in that memorandum, reviewing it, that I have treated your motion for summary judgment as a motion to dismiss because I didn't think you could reach the jurisdictional question on your motion for summary judgment."

The court almost immediately following this statement then made the following further observation:

"So that I must say in all frankness that I was prepared to render partial summary judgment on the basis that 1498 is a jurisdictional section and not procedural."

We assume that the court did not intend to make contradictory statements back to back. We gather therefore that the reference to the court being prepared "to render partial summary judgment" means in effect that the court would have dismissed the action before it. This statement could have had no greater meaning than that while there may or may not have been infringements elsewhere, there was no basis for infringement litigation in the Northern District of Illinois. The reference to a *partial* summary judgment presumably meant that the plaintiff was not precluded from attempting to show infringement of a non-governmental type in some other forum.

The district court then indicated that it would dismiss the case with prejudice to its being refiled in the Seventh Circuit. Over objection by plaintiff, the court stated that it "now holds it has discretion to apply conditions and that is what it is doing, so, it will amend that order to dismiss this case with prejudice in this Circuit."

The reference to the "order" being amended is not entirely clear as no order of dismissal had been entered with regard to plaintiff's notice of dismissal filed pursuant to Rule 41(a) (1) (i). As will be developed hereinafter, no order is contemplated or needed in the 41(a) (1) (i) situation.

In any event, the district court made the following order on October 30, 1970:

"Having heard counsel in open court, it is hereby Ordered: That the Notice of Dismissal filed herein on October 28, 1970 is amended so

"That the above-captioned action be dismissed with prejudice to plaintiff reinstituting the suit within this Circuit."

It is from this order that the present appeal is taken.

On the assumption that protracted and extended litigation is of no real ultimate benefit to any of the involved parties, cause exists to query the purpose of machinations such as those here involved.[4] However, the situation has been presented to us and it is necessary we attempt to unscramble the procedural eggs.

Rule 41(a) (2), Fed.R.Civ.P., provides for the district court dismissing actions upon the plaintiff's instance by order "and upon such terms and conditions as the court deems proper." No corresponding provision for the imposition of terms and conditions is found in Rule 41(a) (1) (i). The pertinent language of that portion of Rule 41(a) (1) (i) is clear and seemingly not subject to misinterpretation: ". . . an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . ."

If Scam was entitled to 41(a) (1) (i) procedure its voluntary dismissal automatically terminated the action upon the filing of the dismissal with the clerk. No order of court was required. Miller v. Reddin, 422 F.2d 1264, 1266 (9th Cir. 1970).

---

4. On the other hand, we cannot be unmindful that the thrust of Control Data's motions, however denominated, was to get the litigation to a district court in Minnesota. Nor can we be unmindful of the belief among the bench and bar that the Eighth Circuit in which the Minnesota District Court is located is not a healthy climate for patent holders claiming infringement.

"No patent has survived litigation in the eighth circuit since prior to 1960. On the other hand the ninth circuit had upheld approximately fifty percent of the patents litigated in its jurisdiction during the last ten years. Other circuits fall somewhere in between in their record of upholding patents." Voorhees, A Summary of Patent Law for the General Practitioner, 20 Drake L.Rev. 227, 241 n. 105 (1971).

Approximately six months before the order involved in the case before us, the Chief Judge of the Minnesota District Court, to which Control Data would have moved the present litigations, made the following observation in Woodstream Corp. v. Herter's, Inc., 312 F.Supp. 369, 370 (D.Minn.1970):

"The courtrooms within the province of the Eighth Circuit Court of Appeals do not afford a congenial forum to the holder of a United States patent. A reading of the decided cases clearly reflects this. It is especially true since 1966 following the Supreme Court's expressions in Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545. I can find no record of the Eighth Circuit Court of Appeals upholding the validity of a patent since Graham. It did so sparingly before Graham. Recent Eighth Circuit cases are cited in the margin." [Footnote omitted.]

The district court in the Woodstream case then proceeded to hold the patent claim before it invalid.

Perhaps Scam might have taken heart if its crystal ball had forecast that on June 28, 1971, the United States Court of Appeals for the Eighth Circuit would reverse Woodstream in part and hold that one of the claims involved was not invalid. Woodstream Corp. v. Herter's, Inc., 446 F.2d 1143 (8th Cir. 1971).

Looking at the other side of the coin, a petition for certiorari filed in the Supreme Court last year raised the question, whether meritorious or not, of whether the Court should "correct Seventh Circuit's alleged practice of judging patent validity by lower standards than other Circuits apply, and thus put end to diversion of patent litigation from other circuits which such practice has engendered?" No. 1528 Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., petition filed March 31, 1971, 39 U.S.L.W. 3541. The petition was dismissed on June 24, 1971, pursuant to Rule 60. U.S.Sup.Ct. Rule 60.

In American Cyanamid Company v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963), the impact of the proper filing of notice of dismissal was pungently phrased as follows:

"That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing."

 We therefore hold that if Scam was entitled to proceed under Rule 41(a) (1) (i), the case below was effectively dismissed as of October 28, 1970, and any further action by the district court was neither necessary nor of any effect. We must further observe that a reversal would be necessary even if Scam had not been entitled to proceed under 41(a) (1) (i). We find no authority for the district court imposing conditions upon a motion clearly intended to proceed under 41(a) (1) (i). 9 Wright & Miller, Federal Practice and Procedure: Civil § 2366, at 176 (1971). If a plaintiff was not entitled to proceed under that portion of the rule, the proper procedure would have been to deny the motion. This of course would not preclude the district court from offering the alternative to the moving party to proceed under Subsection (2) for an order of court in which terms and conditions could be imposed. Even here, however, the plaintiff has an option not to dismiss if conditions specified by the court seem to it too onerous. 9 Wright & Miller, *supra*, § 2366, at 183 (1971). We cannot discern that the plaintiff was here afforded the option to which he was entitled.

This, of necessity, brings us to the determination of whether Scam was prop-erly proceeding under 41(a) (1) (i). We do not understand that Control Data is contending that any of its motions constituted an answer within the meaning of Rule 41(a) (1) (i) nor indeed do we see that it could so contend. A motion to dismiss is not only not an answer to the complaint but is not ordinarily considered a responsive pleading. Pennsylvania R. Co. v. Daoust Const. Co., 193 F.2d 659, 661 (7th Cir. 1952). However, Control Data does contend that Scam did not proceed properly because Control Data had filed a motion for summary judgment prior to the filing of the notice of dismissal.

Turning to the matter of the bar to voluntary dismissal *sans condition* created by the filing of a motion for summary judgment, while it is true that Control Data filed what was denominated a motion for partial summary judgment, we must look at the substance of the motion so filed to determine its legal status.

 While it has been stated that summary judgment procedures should be employed with great caution in patent cases, Morpul, Inc. v. Glen Raven Knitting Mill, Inc., 357 F.2d 732, 736 (4th Cir. 1966), and that the considerations shaping an attitude of extreme caution in granting summary judgment in patent cases are even more weighty when a partial summary judgment is involved, Kollsman Instrument Corp. v. Astec Instrument Corp., 225 F.Supp. 534, 536 (S.D.N.Y.1964), nevertheless, it is well settled that, in a proper case, the validity of a patent may be determined by use of summary judgment procedure, Technograph Printed Circuits, Ltd. v. Methode Electronics, Inc., 356 F.2d 442, 446 (7th Cir.), cert. denied, Automatic Elec. Co. v. Technograph Printed Circuits, Ltd., 384 U.S. 1002, 86 S.Ct. 1925, 16 L.Ed.2d 1016 (1966), and Croname, Inc. v. Technograph Printed Circuits, Limited, 384 U.S. 950, 86 S.Ct. 1570, 16 L.Ed.2d 547 (1966).[5]

---

5. The difficulties engendered in connection with appeals by the use of partial summary judgment procedure are illustrated by the decision of this court in Diggins v.

However, in the case before us the purported motion for summary judgment did not create any issue in fact as to the validity of the patents or whether they had been infringed.

Rule 56(c), Fed.R.Civ.P., contemplates that a motion for summary judgment has to urge that:

". . . the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

We no not read defendant's motion, labeled motion for partial summary judgment, as attempting to show the absence of factual issues or that Control Data is entitled to judgment on patent validity or infringement as a matter of law. The motion was not directed at denying either validity or infringement but only in effect that if both did exist in the district they arose out of governmental purchases and the district court was not the proper forum under 28 U.S.C. § 1498, and further that if the validity and infringement did exist elsewhere, the district court was not the proper forum under 28 U.S.C. § 1400(b). In substance, and quite simply, the venue was being challenged on a motion to dismiss.

In Miller v. Reddin, *supra,* a motion to dismiss had been filed and the court had indicated how it proposed to dispose of the case. Thereafter, a motion under 41(a) (1) (i) was filed. On appeal the clerk of the district court was instructed to file the dismissal which the district court had theretofore "lodged" with the

clerk, "whereupon the action below will be by such act, dismissed." 422 F.2d 1264, 1266 (1970). It is true in *Miller* that the court refers to no intimation appearing that the district court considered the motion to dismiss as a motion for summary judgment. Here, the court apparently did apply the terminology, and, indeed, at one point suggested that summary judgment procedure might be appropriate. Raiment, however, does not make a prince.

In Kilpatrick v. Texas & P. Ry. Co., 166 F.2d 788 (2d Cir.), cert. denied, Texas & P. Ry. Co. v. Kilpatrick, 335 U. S. 814, 69 S.Ct. 32, 93 L.Ed. 369 (1948), the court pointed out that a motion by the defendant challenging the jurisdiction over the person was a defense which under the rules could be made by motion to dismiss and that plaintiff's subsequent notice of dismissal pursuant to 41(a) (1) (i) was not untimely.

In an analogous case to the present one, Littman v. Bache & Co., 252 F.2d 479 (2d Cir. 1958), the only issue that had been raised before the district court was whether to grant defendant's motion to transfer the case to another district. The merits of the controversy had not been before the court and the court of appeals held that the district court erred in vacating a voluntary dismissal under 41(a) (1) (i).

■ In the case before us the motion for partial summary judgment on its own face showed that it was for the purpose of "dismissing the complaint from this Court." We hold for the reasons hereinbefore set out that Scam properly proceeded under Rule 41(a) (1) (i), that

---

Oltmer Iron Works, 154 F.2d 214 (7th Cir. 1946). *See also* Commonwealth Insurance Co. of New York v. O. Henry Tent & Awning Co., 266 F.2d 200 (7th Cir. 1959), in which this court expressed disapproval of fragmentation of a cause of action as being obnoxious to the orderly administration of justice.

An illustration of the use of a partial summary judgment procedure in a patent case is found in Henry Pratt Co. v. Baldwin-Lima-Hamilton Corp., 255 F. Supp. 168 (N.D.Ill.1968), in which dis-

trict judge Parsons, finding that there were undisputed questions of material fact with respect to some of the claims of infringement, granted a motion for partial summary judgment pursuant to Rule 56(d), Fed.R.Civ.P., but expressly set forth that the ruling in the matter "shall be subject to revision, and, until such time as there has been disposition of all pending claims, this shall not be considered a final order within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure." 255 F.Supp. at 170.

the cause of action terminated on the filing of notice of dismissal with notice to opposing party on October 28, 1970, and that the further proceedings of the district court were without force or effect.

The parties argued vigorously on this appeal the question of whether, notwithstanding that the only acts of infringement within the Northern District of Illinois involved governmental purchases, there still had been an infringement of a valid patent within the district which was the basis for the continuation of the action therein even though the defendant would have a defense insofar as governmental sales were concerned. Because of the disposition we have reached, it is not necessary for us to pass upon this issue and we are not expressing any opinion thereon.

For the reasons hereinbefore set out the conditioned order of dismissal entered in the district court is set aside and reversed and the cause shall stand as having been dismissed.

Reversed.