**BLUE CROSS AND BLUE SHIELD OF MISSOURI, Plaintiff,**

v.

**NOONEY KROMBACH COMPANY, et al., Defendants.**

**No. 4:96CV2414 CDP.**

United States District Court, E.D. Missouri, Eastern Division.

Jan. 31, 1997.

Mark A. Kinzie, Sandra Jane Wunderlich, Don M. Downing, Stinson and Mag, St. Louis, MO, for plaintiff Blue Cross and Blue Shield of Missouri.

David Wells, Thompson Coburn, St. Louis, MO, for defendant Nooney Krombach Company.

Richard A. Ahrens, Lewis and Rice, St. Louis, MO, for defendant Turley Martin Company.

Michael A. Fisher, Stolar Partnership, St. Louis, MO, for defendant David A. Wilhelm.

## MEMORANDUM AND ORDER

PERRY, District Judge.

On December 13, 1996, plaintiff Blue Cross and Blue Shield of Missouri filed in this Court a complaint in interpleader and a request for temporary restraining order, preliminary injunction and permanent injunction. Plaintiff sought leave of Court to deposit the sum of $1,787,938.27 into the registry of the Court. Named as defendants in the interpleader action and alleged to be potential claimants to this fund were Nooney Krombach Company, Turley Martin Company, and David A. Wilhelm. Blue Cross alleged that the case was a statutory interpleader action brought pursuant to 28 U.S.C. § 1335, that potential claimant Wilhelm was of diverse citizenship, and that therefore the minimal diversity required for a statutory interpleader action was met.

Blue Cross sought a restraining order preventing any of the three claimants from filing, perfecting or enforcing any judgments or otherwise pursuing any claims against Blue Cross for real estate brokerage commissions. Plaintiff requested an emergency hearing, which was held before the undersigned on December 13, 1996, and at which all parties were represented. Following that hearing the Court entered a restraining order restraining only Nooney Krombach from enforcing a state-court judgment it had previously obtained. The Court set an expedited schedule for filing claims and responding to the interpleader action.

For the reasons that follow, this Court will order that the sums paid in to the registry of the Court be disbursed to Nooney Krombach, as partial satisfaction of its valid state court judgment; the Court will not enter an interpleader order discharging Blue Cross but instead will dismiss the complaint. The Court will further order that Blue Cross and Blue Shield of Missouri pay attorneys' fees and costs of this action to both Nooney Krombach Company and Turley Martin Company. Additionally, the Court will order Blue Cross to pay Nooney Krombach the difference between the 9% post-judgment interest rate it would have received on its judgment under Missouri law and the amount it actually receives from this Court. The intent of this order is to make whole Nooney Krombach and Turley Martin, who have been damaged by Blue Cross' unnecessary, unfounded, and vexatious filing of this interpleader action. Interpleader is an equitable action, and when a party seeks equity it is expected to do equity. Blue Cross should make whole the parties injured by its inequitable conduct in bringing this case.

### I. Factual Background

In 1990 and 1991, plaintiff Blue Cross and Blue Shield of Missouri sought to sell its headquarters on Forest Park Boulevard in the City of St. Louis. Through a series of transactions plaintiff ultimately sold the Forest Park property to Washington University and purchased a new headquarters building, known as Forsyth Plaza, also in the City of St. Louis.

As part of these transactions, Blue Cross and Nooney Krombach entered into two different contracts for real estate brokerage

services. Blue Cross ultimately failed to pay Nooney Krombach the amounts owed under the contracts, and Nooney Krombach filed suit in state court, in April of 1992. In January of 1995, following a jury trial, the Missouri Circuit Court entered judgment in favor of Nooney Krombach with regard to the sale of the Forest Park Boulevard property, but in favor of Blue Cross with regard to the purchase of the Forsyth Plaza building. On August 6, 1996, the Missouri Court of Appeals affirmed judgment for Nooney Krombach on the sale transaction and reversed the judgment for Blue Cross on the purchase transaction, thus concluding that Nooney Krombach was entitled to commissions under both the sale and the purchase contracts. The Missouri Supreme Court denied transfer, and as a result on November 26, 1996, the Circuit Court of the City of St. Louis entered final judgment against Blue Cross in the amount of $1,780,021.27.

In May of 1992, Turley Martin Company filed a separate suit in state court against Blue Cross seeking a commission in the amount of $500,000.00 on the sale of the Forest Park Boulevard property. Turley Martin presented the theory that it was a "procuring cause" broker on this transaction because it had initiated the discussions between Washington University and Blue Cross, and was therefore entitled to a brokerage commission under Missouri law. The Missouri Circuit Court awarded Turley Martin $100,000.00 in January of 1996. Both Turley Martin and Blue Cross have appealed that judgment to the Missouri Court of Appeals, and that appeal is pending.

The third alleged claimant to this fund, David Wilhelm, was alleged to be a real estate broker who was involved in the transactions and, according to Blue Cross' complaint, might have a claim to a real estate commission on one or both of the transactions. Wilhelm testified for Blue Cross in both of the state-court trials, but never asserted any claim for a brokerage commission. According to the plaintiff's affidavits, however, Blue Cross' counsel knew, at least as early as December of 1995, that Wilhelm was a potential claimant to a real estate brokerage commission.

During the four years that the Nooney Krombach and Turley Martin cases were pending in circuit court, Blue Cross made several attempts to consolidate the two cases, asserting that under Missouri law it could be liable for only one brokerage commission on the sale of the Forest Park property. Blue Cross also fought both claims on the merits and opposed paying any commission to either Nooney Krombach or Turley Martin. When it failed to obtain consolidation of the cases, Blue Cross argued to each trial court that it could be liable for only one brokerage commission. The argument was rejected by each trial court, and the judgments were entered as described above.

After the Missouri Supreme Court rejected transfer in the Nooney Krombach case, Blue Cross went back to the Missouri Circuit Court and again sought relief from the judgment, based again on its argument that it could be liable for only one real estate brokerage commission. The Circuit Judge again denied that motion. When Nooney Krombach began collection efforts, including garnishing numerous bank accounts, Blue Cross came to this Court, on December 13, 1996, seeking to deposit funds equaling the amount of the judgment plus accrued interest into the registry of the Court and seeking an injunction prohibiting Nooney Krombach from enforcing its admittedly valid and final judgment. Blue Cross also asked this Court to enjoin Turley Martin's prosecution of its state court appeal, and to enjoin Wilhelm from filing any claims for brokerage commissions. Blue Cross contended that it was subject to potential adverse claims to the same fund, again on the theory, repeatedly rejected in the state courts, that under Missouri law it could be liable for only one brokerage commission.

Nooney Krombach opposed the restraining order sought in this Court, arguing that it had a final and valid state-court judgment on which it should be allowed to collect. Turley Martin opposed the injunction, arguing that it did not claim any part of the fund, because that fund represented Nooney Krombach's commission, and Turley Martin claimed a separate brokerage commission, for which it had obtained a separate judgment. At the

December 13 hearing Wilhelm's counsel was unable to state whether Wilhelm in fact was asserting a claim to the fund or to any other brokerage commission.

Based on the representations made to the Court by Blue Cross and the evidence before it, the Court allowed Blue Cross to deposit the funds into the registry of the Court and established an expedited schedule for briefing the issue whether interpleader was appropriate.[1] The Court enjoined Nooney Krombach's enforcement and collection efforts, but did not, as requested by Blue Cross, enjoin Turley Martin from continuing the state appellate proceedings, and did not enjoin Wilhelm from pursuing any claims, because there appeared no reasonable likelihood that he would take any action outside the interpleader case. Before the time for filing claims and answering the interpleader action had expired, however, counsel for Wilhelm notified counsel for the other parties that Wilhelm did not intend to file a claim for any brokerage commission on this transaction.

Wilhelm notified the parties of that decision late in the day on December 30, 1996. There ensued a literal race to the courthouse. On December 31, 1996, at approximately 9:35 a.m., Blue Cross filed a "notice of dismissal without prejudice" purporting to dismiss its action under Fed.R.Civ.P. 41(a)(1). That notice, however, did not simply dismiss the action, but also requested the Court to dissolve the restraining order and to return the interpleaded funds to Blue Cross, plus any interest that had accrued since the December 13th deposit. Less than one hour after Blue Cross filed its "notice", Nooney Krombach filed a motion for summary judgment, stating that because both Turley Martin and Wilhelm had disclaimed any funds, the payment of the funds should be issued directly to Nooney Krombach.

The Court held a hearing on January 2, 1997, to attempt to sort out the competing demands. Blue Cross initially took the position that the Court lacked jurisdiction to do anything because the diverse defendant had indicated no intention to make a claim and because the case had been dismissed by its notice of dismissal. Blue Cross, however, apparently believed the Court had jurisdiction to give Blue Cross back its money and to dissolve the improvidently-granted restraining order. The Court disagreed with Blue Cross' conclusion, and at the hearing expressed her preliminary conclusion that Nooney Krombach's summary judgment motion should be granted, unless Blue Cross could show that such relief was not appropriate. The Court then set another schedule for briefing the issue. Blue Cross now takes the position that it is appropriate for the Court to release the interpleaded funds to Nooney Krombach, but that no further relief should be granted.

Nooney Krombach takes the position that it has been damaged by Blue Cross' actions and should be made whole, in the form of attorneys' fees and damages. Defendant Turley Martin has also filed a request for attorneys' fees, arguing that it had expressly disclaimed any interest in this fund even before the action was filed and that by being sued it has necessarily expended legal fees and has been damaged. Wilhelm has not sought any relief from this Court.

## II. *Discussion*

The parties' requests in this case raise numerous issues. Although it would have been expedient to allow Blue Cross to dismiss the interpleader action and give the money back to Blue Cross, that would not put the parties back in their previous positions, and would not be in the interests of justice. In this case, from all of the facts presented to the Court, it is clear that plaintiff Blue Cross filed this action for an improper purpose, specifically to reargue issues it had conclusively lost in state court and to circumvent collection on the valid state court judgments. Blue Cross did not have a reasonable basis for believing that this interpleader action was appropriate. Several legal issues are presented that require resolution.

---

1. At that time there was also a question regarding jurisdiction because of uncertainty over Wilhelm's citizenship. That was resolved by Wilhelm's affidavit indicating that he is a citizen of Colorado.

## A. *Diversity Jurisdiction*

■ This Court has diversity jurisdiction over this action because the defendants met the minimal diversity requirements of statutory interpleader and plaintiff deposited the money into the registry of the Court. *See* 28 U.S.C. § 1335(a)(1) and (2); *State Farm Fire & Casualty Company v. Tashire,* 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967). It is not necessary in such a case that the stakeholder be diverse from the claimants, so long as at least two or more of the claimants are of diverse citizenship. Here Wilhelm is a Colorado citizen, is diverse from the other claimants, and was a potential claimant, based on the affidavits presented by Blue Cross. Therefore the minimal diversity requirement was met. Because the Court had jurisdiction on the date the interpleader action was filed, the Court retains subject-matter jurisdiction even though the only diverse defendant later chose not to file a claim to the funds.

## B. *The Notice of Dismissal*

■ Rule 41(a)(1), Fed.R.Civ.P., allows a plaintiff to dismiss an action without order of court by filing a notice of dismissal "at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs."

It is undisputed that Blue Cross filed its "notice of dismissal" at least one hour before Nooney Krombach filed its motion for summary judgment. Under all of the circumstances of this case, however, the Court concludes that Blue Cross' notice did not, and could not, qualify as a valid Rule 41(a)(1) dismissal. The notice was clearly conditional, because it required more than the Clerk's ministerial act of closing the court file. A conditional notice does not fit within the requirements of Rule 41(a)(1), because it requires further action by the Court. *See Hyde Construction Co. v. Koehring,* 388 F.2d 501, 507 (10th Cir.1968). A true Rule 41(a)(1) dismissal causes the case to be closed, without court order. *See Scam Instrument Corp. v. Control Data Corp.,* 458 F.2d 885, 888–89 (7th Cir.1972); *American Cyanamid Co. v. McGhee,* 317 F.2d 295, 297 (5th Cir.1963). Here, Blue Cross sought not merely to dismiss its interpleader suit, but to have the Court provide the interpleaded funds back to it and to have the Court dissolve the improvidently-granted temporary restraining order. Rule 41(a)(1) was not meant to cover the situation presented here. Blue Cross' "notice" must be construed as a motion to dismiss without prejudice pursuant to Rule 41(a)(2).

■ Construing the notice as a motion to dismiss without prejudice, there are numerous reasons why the motion should be denied. The most important, of course, is that a dismissal without prejudice would allow Blue Cross to file the exact same action tomorrow, in this or in some other court. Given that a summary judgment motion has now been filed, and that Nooney Krombach's entitlement to the interpleaded funds is admitted by Blue Cross, dismissing the case without prejudice and giving the money back to Blue Cross not only makes no sense, but also would subject Nooney Krombach to additional damages. Blue Cross' motion to dismiss without prejudice will therefore be denied.

## C. *The Motion for Summary Judgment*

In its brief in response to Nooney Krombach's summary judgment motion, Blue Cross changed its previous position and agreed that it was appropriate for the Court to disburse the monies to Nooney Krombach at this time, although it did not squarely address the issue of whether it still sought dismissal or was conceding that summary judgment was appropriate. There are no disputes of fact, and Nooney Krombach's entitlement to the funds paid into the Court registry is clear. The summary judgment motion will therefore be granted, and the Court will order disbursement of the funds to Nooney Krombach.

The Court will not, however, discharge Blue Cross from further liability as would typically be done in an interpleader action, because it is apparent that such a remedy is not appropriate. The Court will. simply grant summary judgment to the only claimant to the funds, and will dismiss the action.

### D. *The Requests for Attorneys' Fees and Other Relief*

■ Blue Cross came to this Court claiming that it was faced with immediate irreparable harm for which it had no adequate remedy at law; it sought emergency equitable relief from the Court. Although the Court granted the temporary restraining order, the facts of this case now show that the temporary restraining order was improperly sought and improvidently granted. Far from being faced with irreparable harm and having no adequate remedy at law, Blue Cross was faced with only the "harm" of having to comply with the valid legal remedy imposed by another court. Blue Cross' argument that under Missouri law it could be liable for only one real estate commission had been repeatedly rejected by the Missouri courts. Blue Cross undoubtedly brought this action for an improper purpose, that is, to attempt to reargue the point of Missouri law it had repeatedly lost in the Missouri courts, and to avoid valid collection efforts on its admittedly final and valid state court judgment.

This conclusion is supported by Blue Cross' delay in seeking relief in this Court. Even taking Blue Cross' statement of the evidence as true, Blue Cross knew at least as early as December of 1995 that Wilhelm had a potential claim for a brokerage commission. Of course, it knew as early as 1992 that both Nooney Krombach and Turley Martin claimed commissions. If Blue Cross truly believed an interpleader action was needed to protect it from the threat of multiple liability, it could have sought interpleader as soon as the second state-court lawsuit was filed. It could have sought federal relief in December of 1995, at the latest, when it "learned" of the diverse potential claimant. Instead Blue Cross chose to fight the state court suits, and only after two valid judgments, one of them conclusively final, the other final and on appeal, had been rendered against it and collection efforts undertaken did Blue Cross come to this Court for "emergency" relief.

Both Turley Martin and Nooney Krombach have been injured by Blue Cross' actions. Both were represented at the December 13 and the January 2 hearings; both have filed briefs and memoranda in this Court. Additionally, Nooney Krombach has been injured by Blue Cross' action because under Missouri law its judgment would have been drawing interest at the rate of 9%. In this Court's registry the money has drawn a much lower interest rate, and the Court will deduct an administrative fee from the interest earned. The funds have been in the registry of the Court since December 13th and the interest drawn, less the administrative fee, since that date equals $7,098.17. Had the money been drawing 9% the interest drawn during the same time period would have been $21,602.14. Therefore, Nooney Krombach has been injured, in addition to its attorneys' fees and expenses, by a real loss of interest in the amount of $14,503.97.

Under the Court's equitable jurisdiction and inherent powers, the Court has the authority to order Blue Cross to make whole the parties it has injured by improperly invoking the Court's equitable jurisdiction. The federal interpleader statute is not intended to be a means for parties to avoid enforcement of valid state-court judgments or to have the federal courts second-guess state court decisions on issues of state law. Therefore, the Court will grant defendant Nooney Krombach's summary judgment motion, will deny plaintiff Blue Cross' motion to dismiss without prejudice, will order payout of the sums in the Court registry to Nooney Krombach, will enter judgment for Nooney Krombach in the additional amount of $14,503.97, which represents the difference in interest Nooney Krombach would have been entitled to under the state statute and the amount of the payout order, and will order Blue Cross and Blue Shield of Missouri to pay both Nooney Krombach and Turley Martin's attorneys' fees and expenses.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Nooney Krombach Company's motion for summary judgment [# 15] is granted.

**IT IS FURTHER ORDERED** that counsel for Nooney Krombach Company shall, pursuant to Local Rule 13.04(D)(2)(f), provide to the Clerk of Court the tax ID number of Nooney Krombach Company so the Clerk may properly report the interest in accor-

dance with Internal Revenue Service regulations.

**IT IS FURTHER ORDERED** that plaintiff Blue Cross and Blue Shield of Missouri's motion to dismiss its complaint without prejudice [# 16] is denied.

**IT IS FURTHER ORDERED** that defendant Turley Martin Company's motion for attorneys' fees [# 18] is granted.

**IT IS FURTHER ORDERED** that plaintiff Blue Cross and Blue Shield of Missouri's motion for a preliminary and permanent injunction [# 8–1, # 8–2, # 8–3] is denied.

**IT IS FURTHER ORDERED** that the temporary restraining order previously entered in this case is dissolved.