Margaret DAVIS et al., Appellants,

v.

Pauline D. McLAUGHLIN, Administratrix of the Estate of Ingram M. Stainback, deceased, Appellee.

No. 18633.

United States Court of Appeals Ninth Circuit.

Jan. 22, 1964.

Rehearing Denied April 2, 1964.

Brahan Houston, Honolulu, Hawaii, for appellants.

Mitchell, Silberberg & Knupp and Howard S. Smith, Los Angeles, Cal., and Fong, Miho, Choy & Robinson and Katsuro Miho, Honolulu, Hawaii, for appellee.

Before BARNES, HAMLIN and MERRILL, Circuit Judges.

BARNES, Circuit Judge.

This is an appeal wherein no statement relating to the facts of the case is made by appellants. We therefore adopt appellee's statement of facts, in part, as follows:

"Appellee's intestate, Ingram M. Stainback, was for many years Governor of the Territory of Hawaii.

"This action was filed by appellants on December 8, 1961. The gist of appellants' asserted claim, as disclosed by the complaint and Exhibit A thereto (a copy of a Statement of Claim of Creditors made by appellants to, and rejected by, Governor Stainback's administrator) is:

"After the death of Governor Stainback's wife, Cecile White Stainback, on October 11, 1949, Governor Stainback destroyed her will, in which she had bequeathed all her property to her parents, and concealed property belonging to her from the administrator of her estate. On February 19, 1952 the net estate of Mrs. Stainback was distributed one-half to appellants [note] and one-half to Governor Stainback. Governor Stainback died intestate on April 12, 1961.

"On January 16, 1962 a notice to take the deposition of appellant Georgia McPheeters was filed. After some difficulty, appellant McPheeters' deposition was taken in Honolulu on Saturday, January 27 and Sunday, January 28, 1962.

"On January 31, 1962 appellants filed and served written interrogatories to appellee. Appellee filed answers to these interrogatories on February 26, 1962, and an amended answer on March 9, 1962.

"On June 15, 1962, appellee filed a motion to dismiss or for a more definite statement.

"On July 2, 1962, the deposition of appellant Georgia McPheeters was filed in the district court.

"On July 6, 1962, before any hearing on appellee's motion to dismiss or for a more definite statement, appellants' attorney, E. D. Crumpacker, Esq., filed a motion for leave to withdraw as counsel for appellants. On July 12, 1962 there was a lengthy hearing on Mr. Crumpacker's motion in which appellant McPheeters personally participated. Appellee opposed Mr. Crumpacker's request for leave to withdraw as counsel for appellants. After hearing both Mrs. McPheeters and Mr. Crumpacker, the court conditionally granted Mr. Crumpacker's motion for leave to withdraw but ordered him to notify each appellant other than appellant McPheeters that he had moved to withdraw as their attorney, that there would be a further hearing on his motion to withdraw, and that unless appellants appeared and showed cause why he should not be permitted to withdraw, he would be so permitted. The court further ordered Mr. Crumpacker to send a copy of appellee's motion to dismiss to each appellant with notice that the motion would be heard at 9:00 A.M. on September 4, 1962. On July 20, 1962 the court granted Mr. Crumpacker leave to withdraw, and a written order to that effect was filed on July 26, 1962.

"On August 30, 1962 appellants' present counsel, Brahan Houston, Esq., filed his appearance and a notice of dismissal—purportedly without prejudice under Rule 41(a) (1) of the Federal Rules of Civil Procedure.

"The same day—August 30, 1962 —that appellants purported to dismiss this action in the district court they commenced in the Circuit Court of the First Circuit of the State of Hawaii a new suit based on the same claim asserted in this action. The defendants in the state court action were Judge McLaughlin as administrator of the estate of Governor Stainback and the Cooke Trust Company, Ltd., which had been administrator of Mrs. Stainback's estate. [note]

"On September 7, 1962 appellee moved to strike the notice of dismissal filed by appellants or in the alternative that the court permit dismissal by appellants only on just and reasonable terms and conditions. On September 17, 1962 the district court 'ruled that the notice of dismissal stand, conditioned upon the payment to defendant of his costs, etc., and if an agreement on the amount cannot be reached, then hearing on the matter be set for November 1, 1962 at 9 a. m.' A written order to this effect which also provided that counsel for the respective parties should confer in an attempt to agree on the amount appellants should pay appellee was filed on October 1, 1962.

"Appellee filed memoranda of costs and attorneys' fees and affidavits with respect thereto on November 1 and November 8, 1962.

"On November 8, 1962, at a continued hearing on the amount of costs and attorneys' fees to be assessed, the district judge made it clear that in his opinion the only basis for a dismissal was under Rule 41(a) (2) of the Federal Rules of Civil Procedure, and that unless otherwise specified in the order of dismissal, such a dismissal would be *without prejudice*. The court set the amount of $4,967.25 as the amount to be paid by appellants to appellee as the condition of a voluntary dismissal without prejudice. On November 29, 1962 a written supplemental order on appellee's motion to strike appellants' notice of dismissal was filed; this order was amended in open court on December 19, 1962. This supplemental order as so amended provides:

"'IT IS HEREBY ORDERED that the Plaintiffs jointly and severally pay to the Defendant or his legal successor within thirty (30) days from the entry hereof, the

sum of FOUR THOUSAND NINE HUNDRED SIXTY SEVEN AND 25/100 DOLLARS ($4,967.25) for the costs and attorneys' fee incurred by Defendant in this matter; and in the event the Plaintiffs shall fail to meet this condition, this cause will stand dismissed with prejudice for failure to comply with terms and conditions of court.'

"On November 19, 1962, eleven days after the court had ruled that appellants' dismissal of this action without prejudice was to stand on condition that they pay appellee's costs and expenses in the amount of $4,967.25, appellants filed: (1) a motion to amend the complaint; (2) a document entitled 'Plaintiffs' Election to Continue On In This Court and Cause'; and (3) motion for Judge Pence to recuse himself 'because of bias and prejudice on the part of the Honorable Martin Pence toward plaintiffs and their cause' together with an affidavit of appellants' attorney in support thereof.

"The next day, November 20, 1962 appellants filed a document entitled 'Plaintiffs' Joinder in Defendant's Motion to Strike Plaintiffs' Dismissal'.

"An affidavit of prejudice by appellant Georgia McPheeters was filed on November 29, 1962. The same day the motion for Judge Pence to recuse himself was denied.

"On December 5, 1962 a written order denying appellant's motion for Judge Pence to recuse himself was signed and filed.

"Appellants then filed motions to set aside the district court's orders. On December 19, 1962 these motions were denied and, after an extensive colloquy between the court and counsel for appellants, the order dated November 29, 1962 was amended.

"On January 9, 1963 this action was ordered dismissed with prejudice for failure of appellants to fulfill the terms and conditions fixed by the court within the prescribed time."

Appellants urge two errors:

(1) That the district judge erred in refusing to recuse himself on motion of appellants;

(2) that the district court erred in dismissing the action with prejudice upon the failure of appellants to meet the terms and conditions imposed by the court to prevent such a dismissal.

Counsel for appellants cite one case in their brief—Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 1962, 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261, which has to do with what constitutes "excusable neglect" based on a failure of a party to learn of an entry of judgment and hence fail to file a notice of appeal within the thirty day period required by the statute. This court denied appellee's motion to dismiss this appeal on July 8, 1963. Hence the case cited supports our previous action, but has no applicability to the merits of this appeal.

The balance of appellants' brief consists of argument and attacks on the trial judge. It nowhere meets the issues, i. e., the alleged errors recited above.

■ The motion to recuse was made after the trial judge had heard the matter and indicated how he intended to rule. His refusal to recuse was not error. Los Angeles Trust Deed & Mortgage Exchange v. Securities and Exchange Commission, 9 Cir. 1960, 285 F.2d 162, cert. denied 366 U.S. 919, 81 S.Ct. 1095, 6 L. Ed.2d 241; Barnes v. United States, 9 Cir. 1956, 241 F.2d 252; Price v. Johnston, 9 Cir. 1942, 125 F.2d 806, cert. denied 316 U.S. 677, 62 L.Ed. 1106, 86 L.Ed. 1750; Cole v. Loews, Inc., S.D.Cal. 1948, 76 F.Supp. 872, reversed on other grounds, 9 Cir. 1950, 185 F.2d 641, cert. denied, 1951, 340 U.S. 954, 71 S.Ct. 570, 95 L.Ed. 688.

■ The conditional order to dismiss was not error. Fed.R.Civ.P. 41(a) (2). Federal Savings & Loan Ins. Corp. v. Reeves, 8 Cir. 1945, 148 F.2d 731. Nor

was the dismissal with prejudice when the conditions were not met. De Fillipis v. Chrysler Sales Corp., 2 Cir. 1940, 116 F.2d 375.

Affirmed.