**Sami Rebekah LAU, on behalf of herself and all other similarly situated plaintiffs, Plaintiff/Appellant,**

**v.**

**GLENDORA UNIFIED SCHOOL DISTRICT, Defendant/Appellee.**

No. 84–6550.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 1985.

Decided June 24, 1986.

A. Thomas Hunt, Walter Cochran-Bond, Hunt & Cochran-Bond, Los Angeles, Cal., for plaintiff/appellant.

Spencer E. Covert, Jr., Parker & Covert, Santa Ana, Cal., for defendant/appellee.

Before REINHARDT and BEEZER, Circuit Judges, and NIELSEN,* District Judge.

## ORDER

A plaintiff seeks to appeal the district court's award of attorney's fees as a term or condition to the granting of her motion under Federal Rule of Civil Procedure 41(a)(2) for a voluntary dismissal of her Title VII action. We remand this matter to the district court to allow the plaintiff a reasonable time within which to withdraw her motion for a voluntary dismissal and proceed to trial or consent to the dismissal despite the attachment of conditions.

### Background

Sami Rebakah Lau filed this action pursuant to section 706(f)(3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(3), alleging that certain hiring practices engaged in by the Glendora Unified School District ("School District") had a discriminatory impact upon women seeking employment in administrative positions. Her motion for class certification on behalf of women similarly situated was denied by the district court on the grounds of delay.

Subsequently, Lau moved to dismiss the action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. She expressed her intent to join a contemplated class action lawsuit in California state court which would raise similar allegations of discrimination against the School District.

The district court granted Lau's motion for dismissal, and assessed attorney's fees to be paid to the School District in the amount of $12,000. Lau seeks to appeal the attorneys' fees term or condition of the voluntary dismissal without prejudice.[1]

### Option to Withdraw Motion for Voluntary Dismissal Upon Attachment of Conditions

Federal Rule of Civil Procedure 41(a)(2) provides that, after the defendant has filed an answer or motion for summary judgment, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

■■■ The language of Rule 41(a)(2) indicates that the dismissal of the action is contingent *both* "upon order of the court" *and* "upon such terms and conditions as the court deems proper." In other words, the voluntary dismissal cannot take effect until a court order has been entered *and* the terms and conditions imposed by the court are complied with. This grants to the plaintiff the option to refuse the voluntary dismissal if the conditions imposed are too onerous.[2] 27 *Federal Procedure, Lawyer's Edition* § 62:499, at 613 (1984); 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2366, at 177–81 (1971); *see Scam Instrument Corp. v. Control Data Corp.*, 458 F.2d 885, 889 (7th Cir.1972) (dicta); *Scholl v. Felmont Oil Corp.*, 327 F.2d 697, 700 (6th Cir.1964).

The District of Columbia Circuit has held:

Under the rule [41(a)(2)], a plaintiff has the choice between accepting the conditions and obtaining dismissal and, if he

---

* The Honorable Leland C. Nielsen, United States District Judge for the Southern District of California, sitting by designation.

1. Although the district court's order in the instant case did not indicate whether the dismissal was with or without prejudice, Rule 41(a)(2) provides that "[u]nless otherwise specified in the order, a dismissal ... is without prejudice."

2. Although the question of whether a plaintiff must be given the option to refuse a conditional voluntary dismissal has not been addressed in this circuit, we have long held that where a plaintiff obtains a voluntary dismissal without prejudice and fails to comply with the conditions, it is appropriate for the district court to dismiss the action with prejudice. *See Davis v. McLaughlin*, 326 F.2d 881, 883–84 (9th Cir.), *cert. denied*, 379 U.S. 833, 85 S.Ct. 64, 13 L.Ed.2d 41 (1964); *see also* 5 *Moore's Federal Practice* ¶ 41.05[1], at 41–59 to 41–60 (2d ed. 1985). Nothing stated in this opinion disturbs that holding. When a plaintiff accepts a voluntary dismissal with conditions, does not attempt to withdraw the motion for dismissal, and yet refuses to comply with the conditions, it would still be proper to convert the dismissal from one without prejudice to one with prejudice.

feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits.

*GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 367–68 (D.C.Cir.1981) (the court permitted an appeal from a conditional voluntary dismissal by a plaintiff who had failed either to consent to the conditions or withdraw the motion).

■ However, in the instant case, the district court did not expressly grant the plaintiff the option of refusing to pay the award of attorney's fees, withdrawing her motion for a voluntary dismissal, and proceeding to litigate her claim. Furthermore, we have not previously held that such an option must be afforded to a plaintiff when a district court seeks to impose terms or conditions upon a voluntary dismissal.

Consequently, it is appropriate under these circumstances to vacate the district court's judgment and remand the case with the instruction that the district court issue a new ruling on Lau's motion for a voluntary dismissal and provide Lau a reasonable period of time within which to refuse the conditional voluntary dismissal by withdrawing her motion for dismissal or to accept the dismissal despite the imposition of conditions.

In light of our decision to remand this matter to the district court, we intimate no views as to whether a plaintiff may appeal from conditions to a voluntary dismissal which she considers to be arbitrary or unreasonable, or whether a plaintiff who fails to withdraw the motion for dismissal will be regarded as having consented to the conditions attached. However, this panel will retain jurisdiction over any subsequent appeals from orders of voluntary dismissal in this case.

**VACATED AND REMANDED.**

REINHARDT, Circuit Judge, concurring.

I concur fully in the court's order. I write separately only to clarify the task the district judge faces on remand.

Given our disposition of this case, we do not reach the question of the propriety of the fees award. In particular, we express no view regarding the appropriate standard to be applied in awarding attorney's fees as a condition of a Rule 41(a)(2) dismissal where the underlying suit is a Title VII action. Ordinarily the decision to award attorney's fees under Rule 41(a)(2) is a matter within the trial court's discretion, and the normal rules governing a court's exercise of its discretion are applicable. *See Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir.1980). However, the United States Supreme Court has severely circumscribed the discretion of courts to award attorney's fees in Title VII cases. Because Congress intended to encourage the vigorous enforcement of Title VII's provisions by making it easier to bring a Title VII action, *see, e.g., Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420, 422, 98 S.Ct. 694, 699, 700, 54 L.Ed.2d 648 (1978), and because a Title VII plaintiff "is the chosen instrument of Congress" to enforce equal employment opportunities, " 'a policy that Congress considered of the highest priority,' " *id.* 434 U.S. at 418, 98 S.Ct. at 699 (quoting *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968) (per curiam)), the Court has concluded that a prevailing Title VII plaintiff should be awarded attorney's fees in "all but very unusual circumstances," *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415, 95 S.Ct. 2362, 2370, 45 L.Ed.2d 280 (1975); *see also Dosier v. Miami Valley Broadcasting Corp.*, 656 F.2d 1295, 1301 (9th Cir.1981), but that a "prevailing defendant may be awarded counsel fees only when the plaintiffs' underlying claim is 'frivolous, unreasonable or groundless,' " *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762, 100 S.Ct. 2455, 2462, 65 L.Ed.2d 488 (1980) (quoting *Christiansburg*, 434 U.S. at 422, 98 S.Ct. at 701); *see also Boatowners and Tenants Association v. Port of Seattle*, 716 F.2d 669, 674 (9th Cir.1983). Upon remand for a new ruling on Lau's motion, the district court must decide whether the

Rule 41(a)(2) standard or the Title VII standard is appropriate here.

We also do not reach the question whether, if a fees award is appropriate at all in this case, an award in the amount of $12,-000 is justified. That award represented all or nearly all of the costs and attorney's fees expended by the School District in defending the claim. The district court did not explain how it reached its award, nor did it determine whether any of the School District's work product produced in this case would be useful in future litigation involving Lau. *See GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 365, 369–70 (D.C.Cir.1981). Where a plaintiff is granted a voluntary dismissal without prejudice to pursue a related action against the defendant in another forum, the defendant is not entitled to reimbursement of costs and legal fees incurred in preparing work product that may be useful in the continuing litigation. *McLaughlin v. Cheshire*, 676 F.2d 855, 856–57 (D.C.Cir.1982); *GAF Corp.*, 665 F.2d at 369; 5 *Moore's Federal Practice* ¶ 41.06, at 41–78.