MORTGAGE GUARANTY INSURANCE CORPORATION, Plaintiff-Appellant,

v.

The RICHARD CARLYON COMPANY, et al., Defendants,

Thomas E. Longer and Cyndi Longer, Defendants–Appellees.

No. 89–5574.

United States Court of Appeals, Fifth Circuit.

June 28, 1990.

Thomas D. Bracey, Sue T. Bentch, Thomas D. Bracey & Assoc., San Antonio, Tex., for plaintiff-appellant.

Bruce L. Goldston, San Antonio, Tex., for Thomas E. Longer and Cyndi Longer.

Before CLARK, Chief Judge, THORNBERRY, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

On the day set for a jury trial in this case, plaintiff Mortgage Guaranty Insurance Corporation (MGIC) moved to dismiss its case against Thomas and Cyndi Longer, two of multiple defendants. After hearing argument, the district court offered MGIC the alternatives of dismissing the Longers with prejudice or obtaining a dismissal without prejudice if it paid their attorneys' fees, MGIC objected for the record, and then went to trial against two remaining defendants. Thirty-eight days later, and one day after the court sent out its order assessing attorneys fees against MGIC, the Company filed a motion to withdraw its

motion to dismiss the Longers. MGIC appeals the denial of that motion. We dismiss the appeal, because MGIC was not "legally prejudiced" by the district court's order.

## BACKGROUND

MGIC sells mortgage default insurance to lenders. In October, 1985 it filed suit seeking to rescind certain certificates of mortgage insurance relating to the Devonshire Condominium Project in San Antonio, Texas, and claiming damages for fraud and misrepresentation. MGIC sought this relief against institutional lenders who held the certificates. At the same time, the Company sued individual borrowers who owned particular condominiums and who had defaulted on their loans. Against the individuals, MGIC claimed indemnity and sought declaratory judgments under a subrogation theory. Although the Longers had not defaulted on their three loans on which MGIC held certificates, nor did they default during the pendency of this case, MGIC joined and kept them in the lawsuit. MGIC did not sue the institutional investor who held the Longers' notes.

Over three years later, in February, 1989, MGIC's case was set for trial against the Longers and Battaglias, the only parties who had not by then settled or been dismissed. *On the day of trial*, February 21, MGIC moved to dismiss the Longers without prejudice. Counsel for the Longers objected vigorously because his client had already incurred considerable defense fees (over $7,000) and, given a dismissal without prejudice, could yet be exposed to another legal action. He requested the court to dismiss the action with prejudice or, as a condition of dismissal without prejudice, to require MGIC to pay their attorneys' fees. Fed.Rule Civ.Proc. 41(a)(2).[1]

The court then offered MGIC "a choice" between those two forms of dismissal.

Counsel for MGIC objected to both of them. The court indicated his intent to dismiss without prejudice conditioned on MGIC's payment of the Longers' attorneys' fees. The Longers' lawyer was instructed to submit documentation of his fees. MGIC proceeded to trial against the Battaglias and obtained a favorable jury verdict.[2]

On February 24, the Longers filed their motion to recover $7,300.25 in counsel fees, and MGIC did not respond. On March 29, the court entered an order requiring payment of these fees. Coincidentally, this order passed in the mails a motion by MGIC to withdraw its motion to dismiss. On May 3, the court denied the motion to withdraw as untimely and meritless. MGIC noticed its appeal on June 2, 1989.

## DISCUSSION

Our appellate jurisdiction is questioned in two ways in this appeal. First, the Longers contend that the notice of appeal filed by MGIC was outside the 30-day limit prescribed by Fed.Rule App.Proc. 4(a)(1). Second, the parties dispute whether the trial court's order of dismissal conditioned on payment of the Longers' attorneys' fees is appealable by MGIC. We shall address each issue in turn.

### A.

■ The district court received MGIC's motion to withdraw its motion to dismiss one day after the court entered its final award of attorneys' fees in favor of the Longers. Fed.Rule App.Proc. 4(a)(1) requires the notice of appeal in a civil case to be filed within 30 days after entry of the order from which the party is appealing. If the party has filed a timely motion in the district court to alter or amend a judgment

---

1. The rule provides:
 "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper ... unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

2. The judgment against the Battaglias became final. There is no question of a partial interlocutory judgment here.

or to secure a new trial,[3] Rule 4(a)(4) extends this deadline to 30 days after entry of the order resolving the post-trial motion. *Fischer v. United States Department of Justice,* 759 F.2d 461, 464 (5th Cir.1985).

■ The Longers contend that MGIC's motion to withdraw its motion to dismiss does not qualify for treatment as a Rule 59(e) motion, because it could not have sought to alter or amend a judgment which the district court had not yet rendered at the time MGIC's motion was prepared. We disagree. A Rule 59(e) motion has been described as "any kind of motion that draws into question the correctness of the district court judgment ..." 16 C. Wright & A. Miller, Federal Practice & Procedure § 3950, n. 7 (1977). Although MGIC's motion to withdraw crossed in the mails with the district court's order assessing attorneys' fees, the company was objecting to a *fait accompli,* for the district court had already imposed conditions on MGIC's voluntary dismissal. The company's objections to the entry of a conditional dismissal applied uniformly to any order which would grant attorneys' fees to the Longers.

That MGIC's motion served the same function as a Rule 59 motion is further evident from the trial court's ruling denying it. Responding to MGIC's argument that rather than suffer conditions attached to dismissal, the company should have been allowed to go to trial against the Longers, the court stated that he had "made it clear that the motion to dismiss without prejudice would be granted on the condition that fees be paid. If the plaintiff did not desire to pay those fees, it should have said so then, and the case would have proceeded to trial with the other claims." MGIC's motion to withdraw being in substance equivalent to a Rule 59(e) motion, and having been filed after the final order by the district court, MGIC's deadline for noticing an appeal did not run until 30 days after the court denied that motion. Hence, MGIC's notice of appeal was timely.

**B.**

■ MGIC's timely appeal of the district court's order conditioning dismissal upon payment of attorneys' fees does not, however, resolve the question of our appellate jurisdiction. Generally, an order of voluntary dismissal without prejudice entered at the plaintiff's request is not an involuntary adverse judgment. *Yoffe v. Keller Industries, Inc.,* 580 F.2d 126 (5th Cir.1978), *cert. denied,* 440 U.S. 915, 99 S.Ct. 1231, 59 L.Ed.2d 464 (1979); *LeCompte v. Mister Chip, Inc.,* 528 F.2d 601, 603 (5th Cir.1976). If the dismissal has given the plaintiff exactly what it sought—dismissal of its current suit and the right to bring an action on the merits at a later date—the courts will not permit the plaintiff to appeal. *Yoffe,* 580 F.2d at 129.

■ An appeal may sometimes be allowed, however, where the court imposes conditions upon a voluntary dismissal. Rule 41(a)(2) empowers the court to condition voluntary dismissals "upon such terms and conditions as the court deems proper." Most often, the courts require plaintiffs to bear the attorneys' fees and costs of the dismissed defendant. *LeCompte,* 528 F.2d at 603. *See* 9 Wright & Miller, Federal Practice & Procedure § 2366 (1971). Because onerous conditions may render the plaintiff's dismissal less than voluntary, the Fifth Circuit will permit an appeal if (1) the plaintiff is "legally prejudiced" by the conditions accompanying the grant of dismissal; and (2) the plaintiff has not agreed to or legally acquiesced in those conditions. *Yoffe,* 580 F.2d at 130. In *LeCompte,* "legal prejudice" was explained as a condition which "goes to the heart of plaintiff's legal cause of action" and in that case "severely circumscribed his ... freedom to bring a later suit." 528 F.2d at 604.

MGIC does not contend that it suffered "legal prejudice" from the amount of attorneys fees assessed by the court as the price of dismissal without prejudice. The company correctly recognizes that such a position would be difficult to sustain in light of *Yoffe,* in which this court found no "legal

---

**3.** *See* Fed.Rule Civ.Proc. 59.

prejudice" from an attorneys' fee award of nearly $45,000. *See also Unioil, Inc. v. E.F. Hutton & Co., Inc.,* 809 F.2d 548 (9th Cir.1986), *cert. denied,* 484 U.S. 822, 108 S.Ct. 83, 98 L.Ed.2d 45 (1987) ($165,000 fee award did not cause "legal prejudice," hence appeal of voluntary dismissal was dismissed).

 MGIC contends instead that it suffered "legal prejudice" by the district court's failure to grant its motion to withdraw the motion to dismiss. MGIC believes it was entitled to proceed to trial against the Longers rather than bear their defense costs. According to *Yoffe,* the plaintiff who receives a conditional dismissal experiences "legal prejudice" only if the district court's conditions are "clearly unreasonable" or "so outrageous as to demand a full appellate review." 580 F.2d at 131.[4] Attempting to satisfy this standard, MGIC asserts that it had the unequivocal right to refuse the court's conditions of dismissal under Rule 41(a)(2) and proceed to trial. The district court's failure to afford it this alternative constituted an abuse of discretion falling within the *Yoffe* standard for "legal prejudice."

Ordinarily, the plaintiff has the option to refuse a Rule 41(a)(2) voluntary dismissal and to proceed with its case if the conditions imposed by the court are too onerous. *Gravatt v. Columbia University,* 845 F.2d 54, 57 (2d Cir.1988); *Scam Instrument Corp. v. Control Data Corp.,* 458 F.2d 885, 889 (7th Cir.1972); *Scholl v. Felmont Oil Corp.,* 327 F.2d 697, 700 (6th Cir.1964); 9 C. Wright & A. Miller, Fed.Prac. & Proc. § 2366, at 177–81 (1971).[5] Such cases are subject to the important qualification that the plaintiff's option to withdraw the motion to dismiss must be exercised in a timely fashion. As one court put it, plaintiff has "a reasonable period of time within which to refuse the conditional voluntary dismissal by withdrawing her motion for

dismissal or to accept the dismissal despite the imposition of conditions." *Lau v. Glendora Unified School District,* 792 F.2d 929, 931 (9th Cir.1986). What constitutes a reasonable period of time for a plaintiff to exercise its option to withdraw a motion to dismiss is not well developed in the case law. Two cases from the Ninth Circuit exemplify the polar opposites of the problem. In *Lau, supra,* the district court simply responded to a plaintiff's motion to dismiss by ordering the plaintiff to pay defendant's attorneys' fees. The plaintiff was given no options whatsoever, and the appellate court remanded to give the plaintiff the opportunity to accept or reject a dismissal with conditions attached. On the other hand, in *Unioil, Inc. v. E.F. Hutton & Co., Inc.,* 809 F.2d 548 (9th Cir.1986), *cert. denied,* 484 U.S. 822, 108 S.Ct. 83, 98 L.Ed.2d 45 (1987), the plaintiffs had not withdrawn their motion to dismiss the case even while they were in the appellate court. The *Unioil* court held that "a plaintiff who knows or has reason to know that he may withdraw his motion for dismissal will be deemed to have consented to the conditions attached to the voluntary dismissal unless he withdraws his motion within a reasonable time." 809 F.2d at 555.

This case lies between the poles of *Lau* and *Unioil.* We conclude, however, that the district court did not abuse its discretion in considering MGIC's motion to withdraw its motion to dismiss untimely when filed on March 31. As the district court observed, MGIC formally moved to withdraw its dismissal 38 days after the court had indicated its intent to impose conditions. Further, MGIC had not filed its motion to dismiss voluntarily until the day of trial, more than three years after it filed suit, during all of which time the Longers were required to participate in the case for their own defense. Throughout this period, MGIC was aware that the most it could

---

**4.** The circuits split over the appealability of voluntary dismissals upon conditions by the parties who sought them. *See* discussion in *Unioil, supra,* 809 F.2d at 555–56.

**5.** Another option traditionally open to a plaintiff who disagrees with the conditions imposed

by the court upon a Rule 41(a)(2) dismissal is to refuse to comply with the condition. In such a case, the court may convert the dismissal into a dismissal with prejudice. *Yoffe,* 580 F.2d at 131, n. 13. The dismissal would then be appealable as a decision on the merits. *Id.*

gain from suing the Longers was a declaratory judgment, inasmuch as they had not defaulted on their mortgage payments to their lender. This delay in filing the original motion to dismiss bears on more than the just amount of attorneys' fees assessed: it also highlights the untimeliness of MGIC's motion to withdraw. By the time MGIC made up its mind to dismiss, the Longers were presumably prepared to go to trial, and MGIC could have specifically requested to go to trial against them concurrently with the Battaglias. Had MGIC opted to dismiss earlier in the pretrial period, and still been taxed with conditions, a withdrawal of the motion to dismiss, even after some delay, would not have forced the Longers, the Battaglias and the court to make last-minute changes in their tactics or calendar.

MGIC suggests that the district court should have given it the opportunity to go to trial on February 21, but after the court had thoroughly discussed the matter with the parties and indicated its intent to impose conditions on a voluntary dismissal, MGIC never sought the right to go to trial. Rather, its counsel merely objected "for the record" to the conditions imposed by the district court. MGIC's characterization of events would permit it to try its cases in bits and pieces, as the district court objected, simply because MGIC was unable to decide how to handle its claim against the Longers.

Under these circumstances, the district court's decision not to yield to an untimely motion to withdraw MGIC's motion to dismiss certainly did not foist upon MGIC "legal prejudice" requiring our appellate intervention. Lacking this critical prerequisite, MGIC's argument does not establish appellate jurisdiction, and we therefore DISMISS the appeal.