15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 SAY & SAY; L. Shieh, Plaintiffs-Appellant,
v.
Bill LAYMAN, a/k/a/ Bill Soaman, an individual; Gemma
Sanchez; Francisca N. Araiza; Imperial Savings; Household
Bank, and Does 1 through 1,000, inclusive; Andrew
Castellano; Gary Hollingsworth, Defendants-Appellees.
SAY & SAY; L. Shieh, Plaintiffs-Appellants,
v.
Bill LAYMAN, a/k/a/ Bill Soaman, an individual; Gemma
Sanchez; Francisca N. Araiza; Imperial Savings;
Household Bank, Defendants-Appellees.
 Nos. 92-55792, 92-56195.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1993.
Decided Dec. 29, 1993.
 
 Before: ALDISERT,* HUG, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Liang-Houh Shieh, an attorney, and his law firm, Say & Say (collectively "Shieh"), appeal several district court orders dismissing their civil rights, RICO, and state law claims, and imposing sanctions on much of their behavior in this litigation. We affirm on all counts.
 
 
 3
 * With respect to his substantive claims, Shieh argues that the district court erred in dismissing his civil rights claims with prejudice without considering a possible claim under 42 U.S.C. Sec. 1981, in declining to exercise supplemental jurisdiction over his state law claims, and in dismissing his RICO claims with prejudice. We address each of these contentions in turn.
 
 
 4
 In his complaint, Shieh raised a "civil rights claim," alleging that the wrongs otherwise asserted in his complaint (legal malpractice, invasion of privacy, theft and the like) were motivated by racial animus. In a colloquy that occurred on April 26, 1992, the court questioned Shieh about the specifics of this civil rights claim, and ascertained that plaintiff was apparently referring to 42 U.S.C. Sec. 1983. The court therefore dismissed the claim without prejudice, on the grounds that it did not and could not aver any state action, as required under section 1983. The court also gave the plaintiff ten days in which to file an amended complaint on his civil rights claim. Plaintiff did nothing, and at the end of ten days, the court dismissed the civil rights claim with prejudice.
 
 
 5
 Plaintiff now argues that his civil rights claim was actually brought under Sec. 1981, and that the court therefore erred in dismissing the claim without considering that possibility. However, plaintiff at no time raised the possibility that his claim may be brought under section 1981 with the district court, and did not accordingly amend his complaint when given the opportunity to do so. The district court is not required to guess as to what theory a plaintiff might be relying on in a complaint. Therefore, the district court did not err in dismissing this claim with prejudice.
 
 
 6
 In declining to exercise supplemental jurisdiction over Shieh's thirteen state law claims, the district court stated that the state law claims predominated over Shieh's two federal claims, and therefore dismissed them without prejudice pursuant to 28 U.S.C. Sec. 1367(c)(2). Shieh argues, however, that Sec. 1367 requires a "claim by claim" analysis, and that supplemental jurisdiction may only be declined if a particular claim individually predominates over the federal claims in litigation. We need not reach this issue, however, because all of Shieh's federal claims have been dismissed. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("if the [plaintiffs'] federal claims are dismissed before trial, ... the state claims should be dismissed as well"). Therefore, it is clear that Shieh is not entitled to a federal forum for his state law claims.
 
 
 7
 Finally, Shieh argues that the district court erred in dismissing his RICO claims with prejudice, when he had moved only for a voluntary dismissal without prejudice. He contends he should have been permitted to withdraw the motion and proceed with the litigation, relying upon Lau v. Glendora Unified School District, 792 F.2d 929 (9th Cir.1985). In this case, however, the dismissal with prejudice came only after plaintiff had failed to file a RICO statement as ordered by the district court. It was clear that plaintiff did not wish to proceed with the litigation in the district court. Under these circumstances, the judge did not err in dismissing plaintiffs' RICO claims with prejudice.
 
 II
 
 8
 Shieh also appeals the district court's several orders ordering him to pay costs or monetary sanctions for various abuses of the judicial process. Specifically, the district court: (1) ordered Shieh to pay defendant Araiza reasonable expenses ($2,490.50) incurred in obtaining a motion to compel his attendance at a deposition pursuant to Federal Rules of Civil Procedure 37(a); (2) sanctioned Shieh $3,000 for attempting to serve two third parties who had not been made defendants in the action; (3) sanctioned Shieh $7,500 for filing a frivolous complaint; and (4) sanctioned Shieh $2,500 pursuant to the court's inherent power for his involvement in the filing of a reply brief containing inflammatory and derogatory language.
 
 
 9
 With respect to the first order, Shieh argues that the district court erred in imposing costs because in opposing defendant Araiza's motion to compel, he argued that defendant had not complied with Local Rule 17.15.1 before bringing her motion. Because Araiza had in fact attempted to meet and confer in compliance with the Rule, however, and had met only with resistance from the plaintiff, his challenge to her motion on this ground was frivolous, as was his refusal to be deposed in the first place. Therefore, the district court did not err in awarding Araiza reasonable fees under Rule 37(a) for this motion.
 
 
 10
 With respect to the other three orders, Shieh argues essentially that the district court's orders must be reversed because the court did not adequately explain the authority under which it was acting, or how it had arrived at the amount of sanctions assessed. It is apparent from the court's decisions and from the circumstances that the sanctions imposed were both appropriate as to amount, and within the court's authority to impose. See Townsend v. Holman Consulting Corp., 929 F.2d 1358 (9th Cir.1990) (en banc); In Re Yagman, 796 F.2d 1165 (9th Cir.), amended, 803 F.2d 1085 (9th Cir.1986), cert. denied, 484 U.S. 963 (1987). The district court was well within its discretion in imposing these modest sanctions in the face of Shieh's many abuses.
 
 
 11
 Shieh also argues that the court erred in imposing a sanction of $7,500 under Rule 11 asserting, without supporting argument, that his complaint was not frivolous. Shieh has filed dozens of similar complaints in various courts in recent years, and has not managed to move beyond the pleading stage in any of them. The district court did not err in holding that this complaint was frivolous.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3