# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 12, 2007

Charles R. Fulbruge III
Clerk

No. 06-41777

DAVIS LOPEZ, as next Friend of
PRESTON LOPEZ,

Plaintiff-Appellant

v.

ROSS STORES, INC.,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
(1:06-CV-7)

Before JOLLY, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant David Lopez, as next friend of the minor, Preston Lopez, filed this slip-and-fall suit for injuries sustained by Preston on the premises of Defendant-Appellee Ross Stores, Inc., alleging causation in the form of some shrink-bubble wrap on the floor in the store. In January 2006, Ross Stores removed the action to federal district court on diversity jurisdiction. After intermittent but protracted pretrial activities over many months, Lopez, with the agreement of Ross Stores, sought an extension of expert designation deadlines, which the district court denied for lack of a showing of good cause by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lopez. Thereafter, Lopez filed a notice of involuntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1). Three days later, however, Lopez filed motions to set aside his notice to dismiss under Rule 41(a)(1), seeking instead to dismiss his suit voluntarily or, alternatively, to amend the scheduling order without extending the trial date. A few days later, Ross Stores filed a response to Lopez's motion to amend the scheduling order coupled with a motion to strike two of Lopez's expert witnesses. Roughly two weeks later, the court entered its opinion and order, granting Lopez's request to set aside his notice of dismissal, denying his request to extend the scheduling order deadlines, granting Ross Stores's motion to strike two of Lopez's named experts for failure to file their reports, and granting Lopez's motion to dismiss the suit voluntarily. Although the motion to dismiss voluntarily was granted without prejudice, it was made subject to two conditions: (1) Any discovery previously undertaken could be used in any further proceeding regarding the same matters, and (2) if Lopez should refile the case or one substantially similar, he could designate only the same three experts who had already been designated in this action and not stricken for failure to file their reports, but he could not designate any additional or different experts.

The court gave Lopez two weeks to file a notice whether he agreed to the dismissal as conditioned, advising Lopez that (1) if he objected to the conditions, the motion would be denied, but (2) if he failed to object or affirmatively accept the conditions, his motion to dismiss without prejudice would be granted subject to those conditions. Lopez failed to respond within the two weeks allowed by the court; and, approximately one week later, the district court entered final judgment dismissing the action without prejudice but subject to the stated conditions. Shortly thereafter, Lopez filed notice of objections to the final judgment and a notice of appeal. The next day, the district court entered its opinion and order striking the notice of Lopez's objections to the final judgment.

On appeal, Lopez takes issue only with conditions imposed by the court with regards to striking of designated expert witnesses.

Preliminarily, we must determine whether we have appellate jurisdiction to consider the appeal of the voluntary dismissal without prejudice, aware that we generally do not have jurisdiction in such cases, as the Plaintiff is presumed to have received precisely the relief he is requesting.[1]  An exception exists, however, when the dismissing court has imposed conditions on a voluntary dismissal,[2] if the plaintiff is "legally prejudiced" by the conditions on the grant of dismissal and has not agreed to or legally acquiesced in those conditions.[3] Although we would be hard pressed to conclude that the conditions imposed in granting Lopez's motion are clearly unreasonable and thus amount to legal prejudice, and would be equally hard pressed to conclude that Lopez did not agree to or at least acquiesce in the conditions as a matter of law, the way that the matter is couched by Lopez in his appellate brief and oral argument to this court  casts sufficient doubt that we shall treat the matter as constituting prejudice and non-acquiescence, and proceed to hear this appeal.

When we do so, however, we are convinced beyond cavil that the district court committed absolutely no error, much less reversible error.   The district correctly found that it would be inappropriate merely to dismiss this case without prejudice based on the late stage of the proceedings, Lopez's inability to sufficiently explain the need for dismissal, and the efforts that had been spent by the defendant.  The court crafted conditions designed to prevent any prejudice to the defendant arising from the dismissal and did not, in so doing, abuse its

---

[1] See Mortgage Guaranty Ins. Corp. v. Richard Carlyon Co., 904 F.2d 298, 300 (5th Cir. 1990)(citing Yoffe v. Keller Industries Inc., 580 F.2d 126 (5th Cir. 1978)); Coliseum Square Ass'n., Inc. v. Jackson, 465 F.3d 215, 249 (5th Cir. 2006).

[2] Mortgage Guaranty, 904 F.2d at 300.

[3] Id.; Coliseum Square Ass'n, 465 F.3d at 249.

discretion.  To the extent that Lopez suffered prejudice, the harm must be laid squarely at the feet of his counsel.

The rulings of the district court from which Lopez appeals are, in all respects,
AFFIRMED.