**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-60728

KAY CRANFORD

Plaintiff - Appellant

v.

MORGAN SOUTHERN INC,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi, Jackson
3:07-CV-205

Before KING, GARWOOD, and DAVIS, Circuit Judges.

PER CURIAM:*

In October 2006, Dwight Cranford was killed shortly after a car collision caused by truck driver Christopher North. North was an employee of Morgan Southern, Inc., and was acting within the scope of his employment at the time. Plaintiff-appellant Kay Cranford, Dwight Cranford's widow, sued North and Morgan Southern, Inc., in the United States District Court for the Southern District of Mississippi, alleging wrongful death under Mississippi law. On the day trial was to begin, Cranford orally moved to voluntarily dismiss North

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to Federal Rule of Civil Procedure 41(a)(2). Morgan Southern, Inc., then orally requested that it also be dismissed pursuant to *J&J Timber Co. v. Broome*, 932 So. 2d 1 (Miss. 2006). During the hearing, Cranford moved to withdraw her motion for voluntary dismissal of North but the court never ruled on the request. The district court ultimately granted Morgan Southern's motion and dismissed both defendants. Cranford timely appealed. For the following reasons, we hold that the district court abused its discretion when it failed to grant Cranford's request to withdraw her Rule 41(a)(2) motion and therefore remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about October 19, 2006, Christopher North, a non-resident citizen of Mississippi living in Tennessee, was driving a tractor-trailer truck owned by defendant-appellee Morgan Southern, Inc. ("Morgan Southern"), a Georgia corporation. While making a turn on the highway, North caused a collision which ultimately killed Dwight Cranford, husband of plaintiff-appellant Kay Cranford, a resident citizen of Mississippi. Cranford sued Morgan Southern and North for the wrongful death of her husband in the United States District Court for the Southern District of Mississippi. She alleged, and defendants conceded, that North was the agent, employee and/or servant of Morgan Southern; was acting in the furtherance of Morgan Southern's business; and was acting within the scope of his employment on October 19, 2006.

On the day that trial was to begin, Cranford made an oral motion requesting to "dismiss the suit against Christopher North as a party defendant" because she no longer "wish[ed] to pursue a claim individually" against North. Cranford stated that she would instead "serve him with a subpoena" so that he could "testify as a witness." When asked for a response, Morgan Southern stated that it "would accept that voluntary dismissal of defendant North." Before the court granted Cranford's motion, Morgan Southern immediately requested that

2

it also be dismissed in light of *J & J Timber Co. v. Broome*, 932 So. 2d 1 (Miss. 2006), which it told the court stood for the proposition that "where the injured party dismisses the employee and the suit against the employer is based solely upon respondeat superior, the vicarious liability claim itself is extinguished if the solely negligent employee has been released from liability of negligence." In response, Cranford generally argued that it was "basic black letter law" that "[i]t is not necessary . . . for the employee or the agent of the corporation to be a party defendant to bind the corporation for that employee's acts." However, neither the court nor Cranford was familiar with *J & J Timber*, and thus the court took a recess so that both could review it.

After recess, Cranford attempted to distinguish *J & J Timber*, then stated: "If the court is interpreting this case and the[] cases . . . cited in this case as saying that we can't nonsuit the defendant-employee without extinguishing our claim against the company, then, certainly, Judge, we withdraw our motion to do that, our nonsuit of this defendant." It also stated: "[I]f in order for us to keep the servant in as an individual defendant rather than as an agent, rather than as an employee, and not individually, then we choose to withdraw our motion to dismiss him individually." Though it orally repeated this request a third time, the court never formally acknowledged it or ruled on it. In response to Cranford's third request to withdraw, Morgan Southern stated: "Plaintiff can't come back and withdraw a motion that plaintiff made and the court has already granted in the record. That motion has been granted. He can't undo. He can't put the genie back in the bottle."

The district court ultimately ruled, *inter alia*, that North had been properly dismissed because "the plaintiff . . . voluntarily dismissed the driver-employee from this litigation and subpoenaed the driver-employee to appear as a witness in this action"; the court had "asked [the] defense whether there was any objection to dismissal"; and "the defense had none." Additionally,

pursuant to *J & J Timber*, the court ruled that it had "no option but to grant the motion of [Morgan Southern] to dismiss this case in its entirety." Cranford timely appealed.

## II. STANDARD OF REVIEW

"The decision to dismiss an action [pursuant to Federal Rule of Civil Procedure 41(a)(2)] rests within the sound discretion of the trial court and may only be reversed for an abuse of that discretion." *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) (citing, e.g., *La-Tex Supply Co. v. Fruehauf Trailer Division*, 444 F.2d 1366, 1368 (5th Cir. 1971)).

## III. DISCUSSION

As a preliminary matter, we note that Cranford did not state whether her motion to dismiss was with or without prejudice. Hence, we discuss both kinds of dismissals.

Federal Rule of Civil Procedure 41(a) "permit[s] the plaintiff voluntarily to dismiss the action when no other party will be prejudiced."[1] 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2362 (3d ed. 2008). Specifically, Rule 41(a)(2) states:

> Except as provided in Rule 41(a)(1) [which allows a plaintiff to voluntarily dismiss an action without a court order], an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

---

[1] Preliminarily, we note that we have jurisdiction over this appeal because Cranford's Rule 41(a)(2) dismissal resulted in a final dismissal of the suit with prejudice. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976) (noting that a dismissal with prejudice "actually goes to the merits of the case and is considered a final appealable order"); *Conley v. Aetna Life Ins. Co.*, No. 99-10149, 2000 WL 554056, at *2 (5th Cir. April 11, 2000) ("[W]e are unpersuaded that there is a distinction between explicitly electing to dismiss with prejudice and electing to act such that the district court will inevitably dismiss with prejudice. Consequently, we find that this court has jurisdiction to hear the instant appeal . . . .").

A district court generally imposes terms and conditions when granting a motion for a voluntary dismissal under Rule 41(a)(2) in order to protect the defendant. 9 WRIGHT & MILLER, *supra*, at § 2366. A "plaintiff has the option to refuse a Rule 41(a)(2) voluntary dismissal and to proceed with its case if the conditions imposed by the court are too onerous." *Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir. 1990). However, an "important qualification" to this rule is that "the plaintiff's option to withdraw the motion to dismiss must be exercised in a timely fashion." *Id.* A plaintiff must have "'a reasonable period of time within which to refuse the conditional voluntary dismissal by withdrawing her motion for dismissal or to accept the dismissal despite the imposition of conditions.'" *Id.* (quoting *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 931 (9th Cir. 1986)). In *Mortgage Guaranty Insurance Corporation*, this court recognized that "[w]hat constitutes a reasonable period of time for a plaintiff to exercise its option to withdraw a motion to dismiss is not well developed in the case law." *Id.* In that case, it ruled that a plaintiff's motion to withdraw was untimely when it was filed thirty-eight days after the court indicated its intent to impose conditions. *Id.* at 301–302 The *Mortgage Guaranty* court also cited *Lau v. Glendora Unified School District*, in which the Ninth Circuit "remanded to give the plaintiff the opportunity to accept or reject a dismissal with conditions attached." *Id.* at 301. In that case, the district court had responded to the plaintiff's Rule 41(a)(2) motion by simply "ordering the plaintiff to pay defendant's attorneys' fees" and had thereby given the plaintiff "no options whatsoever" regarding such conditions. *Id.*

This court has warned that, where a district court "converts" a Rule 41(a)(2) motion for dismissal without prejudice into a motion to dismiss *with* prejudice, it must "be careful to craft conditions that are not overbroad." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002) (citations omitted). In such circumstances, a plaintiff must still be given the opportunity to

withdraw its motion to dismiss. *Id.* (citing *Mortgage Guar. Ins. Corp.*, 904 F.2d at 301). Other circuits have similarly stated that a court "upsets notions of fundamental fairness" when, "in response to a party's request for dismissal without prejudice," it "grant[s] the request by dismissing *with* prejudice" but "fail[s] to give the moving party notice of its inclination to impose this extreme remedy." *Andes v. Versant Corp.*, 788 F.2d 1033, 1037 (4th Cir. 1986); *accord Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995); *De Fontanez v. Jefferson Pilot Life Ins. Co.*, No. 93-2268, 1994 WL 424096, at \*1 (1st Cir. Aug. 15, 1994)); *Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994); *Gravatt v. Columbia Univ.*, 845 F.2d 54, 55–56 (2d Cir. 1988).[2]

In the present case, the district court abused its discretion because it failed to rule on Cranford's timely motion to withdraw her motion to voluntarily dismiss North. Cranford's Rule 41(a)(2) motion to dismiss North was made on the first day of trial, just before the jury was to enter the courtroom for jury selection, and she clearly did so without being aware of its possible consequence. After realizing the possible effect of her motion to dismiss North, she unequivocally stated: "we withdraw our motion to do that, our nonsuit of this defendant," and repeated this again twice in the hearing. Cranford's motion to

---

[2] Morgan Southern asserts that this line of cases does not apply because Cranford never *explicitly* requested that dismissal be without prejudice. It points to *Babcock v. McDaniel*, a Seventh Circuit case in which a prisoner sued prison officials and then subsequently sent a letter to the district court asking for dismissal of his case. 148 F.3d 797, 798 (7th Cir. 1998). The court recognized the general rule, stated in cases such as *Marlow*, that "[w]hen a plaintiff moves for dismissal without prejudice, the district court may not dismiss the action with prejudice without first providing the plaintiff a reasonable opportunity to withdraw the motion." *Id.* at 799. However, the court reasoned that "[u]nlike the motion in *Marlow*, . . . which explicitly requested a dismissal without prejudice, Babcock's letter did not speak to the issue of prejudice at all" and therefore the district court did not abuse its discretion when it interpreted the letter as a request for dismissal with prejudice. *Id.* In the present case, we recognize that Cranford did not specify whether she was dismissing North with or without prejudice, and the district court may well have interpreted her motion as a request for a dismissal with prejudice. Either way, under the circumstances that obtained, as discussed below, she was entitled to a ruling on her request to withdraw her motion.

withdraw was therefore clearly timely, occurring *in the very same hearing* and on *the very same day* that she initially moved to dismiss North. If the court had granted the motion, jury selection could have begun and the trial could have gone on as scheduled. Thus, the court erred in failing to rule on Cranford's request to withdraw her motion. The same considerations bear on the question whether Cranford's request should have been granted. The draconian potential consequence to Cranford's case of denying the request, specifically, dismissal of the case, weighed against the consequence to Morgan Southern of granting the request, specifically, getting on with the scheduled trial, weighs in favor of granting the request. The district court erred in failing to grant Cranford's request.

Our conclusion that the court erred in failing to grant Cranford's motion makes it unnecessary for us to decide whether the district court correctly dismissed the case based on its understanding of *J & J Timber Co.*

## IV. CONCLUSION

For the foregoing reasons, we REVERSE the order of the district court dismissing the case and REMAND with instructions to grant Cranford's request to withdraw her motion and for further proceedings consistent with this opinion. Costs shall be borne by Morgan Southern.