# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 5, 2011

No. 10-60315
Summary Calendar

Lyle W. Cayce
Clerk

KAY CRANFORD,

Plaintiff - Appellant

v.

MORGAN SOUTHERN, INC.; CHRISTOPHER B. NORTH,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
Case No 3:07–CV–205

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM.[*]

This appeal arises from an accident on a Mississippi highway in which Dwight Cranford, a UPS driver, was killed. His widow, Kay Cranford ("Cranford"), appeals from a unanimous jury verdict in favor of Morgan Southern, Inc., and its employee, Christopher North. The issues on appeal are whether the district court abused its discretion by declining to give a jury instruction requested by Cranford and by failing to rule on Cranford's motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60315

amend the pre-trial order until the date of trial. We hold that it did not and AFFIRM.

## I. BACKGROUND

North was driving a tractor-trailer truck owned by Morgan Southern. After North slowed to make a U-turn, his truck was rear-ended by a car driven by Jeffrey McDonald. McDonald's car became disabled in the center of the highway and began to smoke. North exited his truck and rushed to McDonald's car to attempt to extricate him from the smoking vehicle. He did not place reflective triangles or flares beside his truck prior to attempting to assist McDonald. Dwight Cranford, a UPS driver, also stopped and exited his vehicle to assist McDonald, but while standing beside McDonald's car, he was struck and killed by another car, driven by Ruby Bland.

Cranford filed suit in federal court, asserting claims against North and Morgan Southern only. The district court dismissed the case and we reversed. *Cranford v. Morgan Southern Inc.* (*"Cranford I"*), 333 F. App'x 852, 853 (5th Cir. 2009). On remand, Cranford filed a motion to amend the pretrial order, seeking to include claims that had been pled in her complaint, but omitted from the pretrial order. Defendants opposed the motion, contending they would be prejudiced by the request. The district court did not address the motion until the morning of trial. Defendants argued that should the court grant the motion, they should be permitted additional discovery and naming of witnesses. Cranford, not wanting to delay the trial, abandoned her motion.

The case proceeded to trial. Cranford asserted three theories of recovery: (1) that North was negligent for making an unsafe turn; (2) that North was negligent for stopping on the highway; and (3) that North was negligent for failing to place reflective triangles on the road to alert oncoming traffic. Cranford requested that the court include the following jury instruction:

No. 10-60315

Mississippi law requires the driver of any vehicle involved in an accident to render reasonable assistance to any person injured, including the carrying, or the making of arrangements for the carrying, of such person to a hospital for medical treatment if it is apparent that such treatment is necessary or requested by the injured person. This is known as the "Good Samaritan" duty. However, if the driver of any vehicle involved in an accident resulting in an injury to any person creates or leaves a situation created by him through his own negligence, which is dangerous to the traveling public, such driver is not entitled to use the "Good Samaritan" duty as an excuse for failing to prevent a subsequent accident by attempting to warn oncoming traffic of the dangerous situation.

Therefore, if you find from a preponderance of the evidence in this case that: Defendants' employee, Christopher North, acting in the course and scope of his employment, was negligent to any degree in causing the initial collision between Defendants' eighteen wheel tractor-trailer and the vehicle operated by Jeffery McDonald and that such negligence, if any, created a dangerous situation to the motoring public, then you shall find that the Defendant, Christopher North, is not entitled to claim the "Good Samaritan" duty as an excuse for failing to warn other drivers of the dangerous situation created by the first accident.

The district court declined to include the instruction. The jury returned a unanimous verdict in favor of defendants, rejecting all three of Cranford's theories on a special verdict form. Cranford moved for a new trial pursuant to Federal Rule of Civil Procedure 59. The district court denied her motion. Cranford timely appealed.

## II.  ANALYSIS

### A.    The Jury Instruction

1.    *Standard of Review*

"This Court reviews a district court's refusal to provide a requested jury instruction for abuse of discretion." *United States v. McClatchy*, 249 F.3d 348,

356 (5th Cir. 2001) (citations omitted). "Recognizing that district courts have substantial latitude in crafting jury instructions, the district court's refusal to give a requested jury instruction constitutes reversible error only if the instruction 1) was a substantially correct statement of law, 2) was not substantially covered in the charge as a whole, and 3) concerned an important point in the trial such that the failure to instruct the jury on the issue seriously impaired the [party's] ability to present a given [claim]." *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 578 (5th Cir. 2004) (quotations omitted) (alterations in original).

2.    *Discussion*

The parties disagree on whether Cranford's requested jury instruction represents a substantially correct statement of Mississippi law. We need not decide this question, however, because the failure to give the requested jury instruction did not seriously impair Cranford's ability to present her claim. The requested jury instruction concerns Cranford's third theory of liability, North's allegedly negligent failure to place reflective triangles on the roadway, and whether North is entitled to use the "Good Samaritan" duty as a defense to that failure. But the requested jury instruction only comes into play if North "creates or leaves a situation created by him through his own negligence." If the initial accident was not caused by North's negligence, the requested jury instruction on whether he is barred from invoking the "Good Samaritan" duty as a defense becomes irrelevant. On the special verdict form, the jury unanimously found that the initial accident was not caused by North's negligence. The requested jury instruction at issue is therefore moot. Accordingly, we hold that the district court did not abuse its discretion in failing to give Cranford's requested instruction.

**B.    The Motion to Amend the Pretrial Plan**

Cranford next argues that the district court abused its discretion by refusing to allow an amendment to the pretrial order so that she could include

No. 10-60315

additional claims that appeared in her original complaint but were omitted from the pretrial order. The district court's order reflects that it never ruled on the motion to amend the pretrial plan because Cranford abandoned the motion. Cranford argues she was "forced to abandon" the motion because the district court delayed its ruling until the morning of trial and she "did not want to delay the matter any further." A district court has the inherent power to manage and control its own docket in order to achieve the orderly and expeditious disposition of cases. *See United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005). The court did not offer Cranford a Hobson's choice—she was under no obligation to abandon her motion. Having chosen to do so, Cranford cannot now complain that the district court did not grant the motion to amend.

### III.  CONCLUSION

The judgment of the district court is AFFIRMED.